# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40473
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN RUIZ-RIVERA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1443

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Juan Ruiz-Rivera appeals the 92-month sentence imposed following his guilty plea conviction for conspiracy to harbor illegal aliens. A teenage girl smuggled in the course of this conspiracy died from heat stroke.

Ruiz-Rivera argues that the district court erred in applying the nine-level enhancement pursuant to U.S.S.G. § 2L1.1(b)(2)(C). He contends that the court relied on the Presentence Report (PSR) in imposing the enhancement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and that the PSR contained unreliable information.  We review this issue for clear error.  *See United States v. Betancourt*, 422 F.3d 240, 244-45 (5th Cir. 2005).

Section 2L1.1(b)(2)(C) provides that a defendant will receive a nine-level enhancement if the offense involved the harboring of 100 or more illegal aliens. The district court, relying on information in the PSR, found that the instant offense involved 132 aliens.  The defendant has the burden of presenting evidence to show that the facts contained in the PSR are inaccurate or materially untrue.  *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013). Given the lack of rebuttal evidence provided by Ruiz-Rivera as to the number of illegal aliens harbored, the PSR's calculation was not implausible and, therefore, was not clearly erroneous.  *See id.; see also Betancourt*, 422 F.3d at 247.

Ruiz-Rivera also challenges the application of a two-level enhancement under U.S.S.G. § 2L1.1(b)(6) based on a finding that the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury.  He contends that evidence the house was chained and padlocked is insufficient to support the enhancement.  He further asserts that the evidence that a GMC SUV was used to transport 24 aliens is insufficient to support the enhancement.

The objections to this enhancement argued by Ruiz-Rivera in the district court did not sufficiently apprise the court of the basis of the challenge to the enhancement he now asserts on appeal.  Therefore, we review the issue for plain error.  *See United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014).

Section 2L1.1(b)(6) provides for a two-level increase "[i]f the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person."  Though the house was equipped with

water, electricity, and air conditioning, the photographs of the house show limited furniture. Additionally, all of the windows were equipped with burglar bars. The exits of the house, the front porch and gate, were chained and padlocked. On at least one known occasion, 24 aliens were harbored at the stash house. This evidence is sufficient to support the enhancement. *See United States v. Zuniga-Amezquita*, 468 F.3d 886, 887-88 (5th Cir. 2006). Moreover, 24 passengers in the vehicle are "substantially more" than the vehicle's maximum load capacity of 8. *See* § 2L1.1, comment. (n.5). Ruiz-Rivera fails to show that the district court committed plain or obvious error in the application of this enhancement. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The judgment of the district court is AFFIRMED.